IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL DARNELL PARSON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:16-CV-0220-CAR-CHW |
| VS. | : | |
| | : | |
| **BALDWIN STATE PRISON,** | : | |
| | : | |
| Defendant. | : | |

# ORDER

This case is currently before the Court due to Plaintiff's repeated failure to comply with the Court's order that he (1) either pay the required fee or submit a motion to proceed *in forma pauperis*[1] and (2) recast his complaint as instructed on a standard form. *See* Order, July 8, 2016, ECF No. 5. Plaintiff was originally given twenty-one days to comply with this order and warned that a failure to comply could result in the dismissal of his complaint. *Id*. The time allowed for compliance nonetheless expired without any response from Plaintiff; and the United States Magistrate Judge has since twice ordered Plaintiff to show cause why his lawsuit should not be dismissed for failure to comply. *See* Order, Aug. 12, 2016 (ECF No. 6). The second show cause order additionally warned Plaintiff that the relevant statute of limitations may bar him from refiling his complaint at a later time. See Order, Sept. 19, 2016 (ECF No. 7).

---

1 Leave to proceed *in forma pauperis* is **GRANTED** solely for the purpose of dismissal.

The time for filing a response to the Court's second show cause order expired on October 14, 2016. Plaintiff again did not submit a recast complaint within the time allowed for response; nor did he otherwise attempt to show good cause why he has repeatedly failed to comply with the orders of this Court. Plaintiff's in fact has done nothing to prosecute his case since his complaint was docked nearly five months ago, on June 13, 2016; and it further appears that the complaint was actually drafted and signed by Plaintiff more than a year ago, December 1, 2015.  The Court thus finds that Plaintiff's complaint is properly **DISMISSED** for his failure to comply with an order the court and failure to diligently prosecute his case.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.")

Because Plaintiff may potentially be barred from refiling these claims, the Court has also, in an abundance of caution, reviewed the allegations in Plaintiff's original pleading under 28 U.S.C. § 1915A(a).[2]  After doing so, the Court finds his complaint frivolous. Plaintiff's pleading neither identifies the defendant(s) nor specifies the relief sought.[3]

---

[2] When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and the claims must be "liberally construed."  The district courts are thus "obligated, as part of [the] screening protocol, to seek out and identify any and all cognizable claims of the plaintiff," even if the claims are mislabeled. *Ford v. Hunter*, 534 F. App'x 821, 825 (11th Cir. 2013).

[3] Although Plaintiff does name *potential* defendants in his factual allegations, those individuals are largely immune from suit or are otherwise not subject to liability under § 1983. *See generally*, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 428, (1976) (prosecutorial immunity); *Polk County v. Dodson*, 454 U.S. 312, 325 (defense attorney does not act under color of state law).

Plaintiff's complaint also seems to ultimately claim that his conviction (for which he is still serving a sentence of confinement) was the result of bias and attorney malpractice. Federal law, however, does not allow prisoners to prosecute civil claims based on conduct that unjustly resulted in a criminal conviction unless that conviction has been reversed, expunged, set aside, or called into question by writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff thus cannot proceed with any claims that would, if Plaintiff prevails, necessarily invalidate his conviction or sentence.

Therefore - and because Plaintiff failed to cure the deficiencies in his initial pleading despite being allowed multiple opportunities to do so - his complaint is also properly **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(a).

**SO ORDERED** this 15th day of December, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT